UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 15-20040

v.                                     Judith E. Levy
                                     United States District Judge

Derrick White,

                Defendant.

_____/

**ORDER REGARDING DOCKET ENTRIES [221, 222, 223, 224, 225, 226, 227, 229, and 230]**

    This case is before the Court on multiple docket entries. As an initial matter, the Court recognizes that many of documents filed in this case in the last two days were possibly due to a COVID-19-related learning curve and were filed inadvertently. However, since Plaintiff created an unusually large number of docket entries—six on April 20,

2020[1] and four on April 21, 2020[2]—the Court hopes to clarify the docket.

Plaintiff has filed an emergency motion for compassionate release that contains three unsealed exhibits (B, E, and F) and three exhibits he seeks to seal (A, C, and D). The most recent version of Plaintiff's motion for compassionate release is docket entry 228. (ECF No. 228.) The most recent motion to seal exhibits A, C, and D is docket entry 229. (ECF No. 229.) And the most recent version of the exhibits A, C, and D, which the

---

[1] First, Plaintiff filed a motion to seal medical records and information of Alicia White, Tashun White, and himself. (ECF No. 221.) Second, he filed an amended motion to seal, seeking to file a sealed motion for compassionate release along with the above-described medical records. (ECF No. 222.) Third, Plaintiff filed a document, titled "corrected motion to seal," which seeks to seal medical information of the above-named persons contained in exhibits to an unsealed motion for compassionate release. (ECF No. 223.) Fourth, Plaintiff filed an unsealed motion for compassionate release which contains three unsealed exhibits: B, E, and F. (ECF No. 224.) Fifth, he filed a sealed motion for compassionate release, along with sealed exhibits A, C, and D, which contain medical information for the above-named persons. (ECF NO. 225.) And sixth, he filed an unsealed version of his motion for compassionate release along with placeholders indicating that exhibits A, C, and D had been filed under seal; however, the filing did not contain the other, unsealed exhibits. (ECF No. 226.)

[2] First, Plaintiff filed a motion to withdraw docket entry 224, which was his unsealed motion for compassionate release which contained the three unsealed exhibits B, E, and F. (ECF No. 227.) Second, he filed an unsealed emergency motion for compassionate release, containing a placeholder for exhibit A, all of exhibit B, placeholders for exhibits C and D, and all of exhibits E and F. (ECF No. 228.) Third, he filed a motion to seal exhibits A, C, and D because they medical information for Alicia White, Tashun White, and himself. (ECF No. 229.) Finally, he filed a sealed version of his emergency motion for compassionate release, along with sealed versions of Exhibits A, C, and D. (ECF No. 230.)

Court understands Plaintiff filed under seal for the limited purpose of resolving the motion to seal, is docket entry 230. (ECF No. 230.) However, sealed docket entry 230 also contains a copy of Plaintiff's motion for compassionate release. From what the Court can discern, Plaintiff does not seek to seal the motion itself; rather, only exhibits A, C, and D. Docket entry 230 is therefore stricken, and Plaintiff is ordered to re-file exhibits A, C, and D alone as a separate sealed docket entry, which will relate to the accompanying motion in docket entry 228.

Docket items 221, 222, 223, 224, 225, and 226 are stricken as duplicative because the most recent versions of the motions and exhibits as set forth above will be relied upon for resolving the pending motions. Plaintiff's motion to withdraw docket entry 224 is denied as moot because docket entry 224 has been stricken. (ECF No. 227.)

In his motion to seal exhibits A, C, and D, Plaintiff contends that a seal would "protect the privacy and personal information of said individuals [Alicia White, Tashun White, and himself]." (ECF No. 229, PageID.4123.) Plaintiff did not set forth the legal standard for sealing or any other argument in support of his motion to seal.

3

In criminal cases, "[t]he public has the constitutional right to access records in criminal proceedings. But, like most other rights of its kind, it is not absolute and may be abridged if the district court finds that nondisclosure is narrowly tailored to serve an overriding interest." *United States v. DeJournett*, 817 F.3d 479, 481 (6th Cir. 2016).

As set forth in his motion for compassionate release, exhibit A contains information in support of the statement that Plaintiff has "high cholesterol and is prediabetic." (ECF No. 228, PageID.4095.) Exhibit C contains information in support of his argument that his mother, who is sixty-seven, has a number of health conditions requiring twenty-four-hour care. (*Id.* at PageID.4096.) Finally, exhibit D contains information in support of Plaintiff's argument that Plaintiff's sibling is "not able to provide the level of care his mother needs to live." (*Id.*)

The Court grants Plaintiff's motion to seal exhibits C and D only. Plaintiff's mother and sibling are not parties to this case. The Court finds that sealing their private health and other personal information is narrowly tailored to serve their overriding privacy interests.

Plaintiff's own health information presents a slightly different issue, however, as Plaintiff is a party to this case and seeks to rely on his

4

health information as a reason for release from custody. The United States is thus ordered to respond to Plaintiff's motion to seal exhibit A no later than one week from the entry of this order.

In conclusion, the Court orders as follows:

- ECF Nos. 221, 222, 223, 224, 225, and 226 are stricken as duplicative;

- ECF No. 227 is denied as moot;

- ECF No. 230 is stricken. Plaintiff is ordered to re-file exhibits A, C, and D alone as a separate sealed docket entry, which will relate to the accompanying motion in docket entry 228; and

- Plaintiff's motion to seal (ECF No. 229) is granted in part. Exhibits C and D only are sealed. The United States is ordered to respond as set forth above within one week of the entry of this Order.

IT IS SO ORDERED.

Dated: April 23, 2020　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2020.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager