# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

United States of America,

               Plaintiff,      Case No. 15-cr-20040-01

v.                           Judith E. Levy
                                United States District Judge

Derrick Taron White (D-1),      Elizabeth A. Stafford
                                Magistrate Judge

               Defendant.

_____/

## ORDER DENYING DEFENDANT WHITE'S MOTION FOR RELEASE FROM CUSTODY [293]

Before the Court is Defendant Derrick White's motion for compassionate release, filed on February 17, 2021. (ECF No. 293.) In it, Defendant argues the COVID-19 pandemic, combined with his underlying health conditions, create extraordinary and compelling reasons warranting his release. Defendant is serving his sentence at the Federal Correctional Institution (FCI) McKean in Pennsylvania.

The Government responded to Defendant's motion by indicating that Defendant received a first dose of the COVID-19 vaccine and was, at that time, due to receive his second dose.[1] (ECF No. 297.)

For the reasons set forth below, Defendant's motion is denied.

## I.   Background

On April 17, 2017, this Court entered judgment after Defendant pleaded guilty to (1) conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(b)(1)(A)(vii), 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 846; (2) possession with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2; and (3) conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(A)(i), 18 U.S.C. §§ 1956(a)(1)(B)(i)–(ii), and 18 U.S.C. § 1957. (ECF No. 163, PageID.1919.) Although his sentencing guidelines ranged between 262 and 327 months' imprisonment, the Court sentenced Defendant to 132 months.

---

[1] To date, FCI McKean has fully inoculated 339 inmates and 10 staff members. *COVID-19 Vaccine Implementation*, Bureau of Prisons (Mar. 12, 2021), https://perma.cc/A7VG-AN7M

This is Defendant's second motion for compassionate release. In his first, filed in April 2020, he sought to serve the remainder of his sentence in home confinement in Michigan. (ECF No. 228.) The Court denied that motion for the reasons set forth in its opinion and order issued on May 26, 2020. (ECF No. 246.)

Defendant's present motion sets forth many of the same arguments that he presented in his first motion. However, in the present motion, he provides information regarding a lack of COVID-19 prevention measures taken at FCI McKean (ECF No. 293-3), along with information regarding an individual who resides in Aliso Viejo, California, who is willing to allow Defendant to live in her home if he were released to home confinement (ECF No. 293-7). He also submits an unsigned letter indicating the possibility that Defendant could be employed at 51 Millimeter, LLC located in California, upon his release. (ECF No. 293-8.)

## II. Law and Analysis

Compassionate-release motions require a "three-step" inquiry:

First, the Court must "find that extraordinary and compelling reasons warrant a sentence reduction";

Second, the Court must "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and

Finally, the Court must "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."

*United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of these requirements are met, the district court may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)." *Id.*

The Court denies Defendant's motion for compassionate release because his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release. The Centers for Disease Control and Prevention ("CDC") advise that the Pfizer vaccine is 95% effective at preventing COVID-19 in individuals who have not previously contracted COVID-19, and "[e]fficacy [i]s similarly high in a secondary analysis including participants [with] evidence of previous SARS-CoV-2 infection." *The Advisory Committee on Immunization Practices' Interim Recommendation for Use of Pfizer-BioNTech COVID-19 Vaccine—United States, December 2020*, Centers for Disease Control (Jan. 28, 2021) https://perma.cc/S298-Z9TC.

4

Defendant argues that, even if he were to receive the second dose of the Pfizer vaccine "tomorrow," extraordinary and compelling reasons justify his release for three reasons: first, because "receiving a first dose of a two-dose vaccine only confers partial protection"; second, because the vaccine "likely will not protect [Defendant] against dangerous new variants"; and third, because he is not guaranteed "access to a timely second dose"; and (ECF No. 299, PageID.5296–98.)

With respect to Defendant's concern about efficacy, he is correct that individuals do not benefit from the vaccine's full effects until approximately ten days after the second dose. *Pfizer's Vaccine Offers Strong Protection After First Dose*, Noah Weiland and Carl Zimmer, The New York Times (Feb. 26, 2021), https://perma.cc/TR3U-YGXW. However, studies suggest that the Pfizer vaccine is 52% effective approximately ten days after the first dose. *Id*. Due to the increasing efficacy of the two-dose vaccine, the Court does not find the small risk of infection in the interim to constitute extraordinary and compelling reasons to justify release.

Defendant's next two arguments are speculative. As to the concern about vaccine effectiveness against new strains of COVID-19, the CDC's

current recommendation is that "antibodies generated through vaccination with currently authorized vaccines recognize these variants." *About Variants*, Centers for Disease Control and Prevention (Feb. 12, 2021), https://perma.cc/M72L-NW4X. Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation.

As to the concern about receiving a timely second dose, Defendant is also free to renew this motion if BOP informs him that he cannot receive the second vaccine in a sufficiently timely manner. However, at this time the Court has no indication beyond speculation that he will not receive his second dose.

Finally, Defendant argues that the congregate setting of FCI McKean does not permit inmates to follow CDC guidance on social distancing. (ECF No. 200, PageID.5297.) He provides an exhibit, which is a hand-written letter written by another inmate, Joseph Butcher. Mr. Butcher reports that Defendant was moved to another area of the prison and placed in a room with an individual who tested positive for the virus.

6

(*Id.* (citing ECF No.299-1.)) The Court takes concerns of this nature very seriously. Indeed, they are part of the reason why the CDC has worked with the Federal Bureau of Prisons to develop a plan that encourages vaccination prioritization among correctional and detention center inmates and staff. *See* COVID-19 Vaccine FAQs in Correctional and Detention Centers, CDC, (March 12, 2021) https://perma.cc/VEA7-97HA. The likelihood of a severe outbreak in the prison will likely diminish with the progression of vaccination rollout at FCI McKean. *See e.g., United States v. Sims*, No. 90-80492, 2021 WL 872218 (E.D. Mich. Mar. 9, 2021) (Lawson, J.) (acknowledging that deployment of the vaccine by BOP significantly mitigates the assessment of risk to the prison population).

Because there are no extraordinary and compelling reasons for release, the Court need not consider Defendant's § 3553 sentencing factors. *See Elias*, 984 F.3d at 518.

## III.   Conclusion

Accordingly, Defendant has not shown that extraordinary and compelling reasons justify his release, and his motion is DENIED without prejudice.

IT IS SO ORDERED.

Dated: March 15, 2021                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 15, 2021.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager